IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

HEARTLAND ANIMAL CLINIC, P.A.,

      Plaintiff,

vs.                                   Case No. 11-2629-JTM

HEARTLAND SPCA ANIMAL MEDICAL
CLINIC, LLC, *et al.*,

      Defendants.

MEMORANDUM AND ORDER

Pursuant to Fed.R.App.Pr. 8(a), the defendants seek a stay of the injunction issued by the court on March 16, 2012 prohibiting their use of the "Heartland" mark in connection with the provision of veterinary services in the Kansas City area. Rule 8(a) requires that a party seeking a stay of enforcement of a judgment or order must seek initial relief from the district court.

In considering a motion for relief under Appellate Rule 8(a), the court considers four factors: "(1) the likelihood of success on appeal; (2) the threat of irreparable harm if the stay is not granted; (3) the absence of harm to the opposing party if the stay is granted; and (4) the harm to the public interest.." *United States v. Wittig*, No. 03-40142, 2005 WL 1384666, at *2 (D. Kan. June 7, 2005) (citing 10th Cir. R. 8.1). "In essence," the movant must show "that the injury it would sustain if the stay did not issue outweighs the harm the stay would cause the party opposing the stay." *In re Yellow Cab Coop. Ass'n*, 192 B.R. 555, 557 (D.Colo.1996) (citing *Autoskill Inc. v. Nat'l Educ. Support Sys.*,

994 F.2d 1476, 1498 (10th Cir.1993)). *See generally Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) (discussing factors for issuance of a stay under Rule 8(a)).

The defendants' arguments are familiar, both because the standard for relief underlying Appellate Rule 8(a) is similar to that for injunctive relief in the first instance,[1] and because the arguments themselves are simply restatements of the arguments previously advanced in opposition to the plaintiff's motion for injunctive relief. Indeed, the defendants' argument that they possess "serious and substantial issues that warrant appellate review," (Dkt. 55, at 5-11) is merely a summary of their earlier Response brief (Dkt. 36, at 4-29), and provides no additional argument of substance.

As stated by the court at the conclusion of March 16, 2012 hearing (Dkt. 47, 53), and as further discussed in the subsequent Memorandum and Order (Dkt. 48), the plaintiff has made a strong showing that it owns a protectable mark, and that the defendant has infringed the mark, thereby creating a likelihood of confusion as to the identity or source of "Heartland" veterinary services in the relevant market. The plaintiff has been injured by the appropriation of its mark, the loss of services necessitated by having to use its employees to deal with the deluge of customers confused by the overlapping brand, and the loss of goodwill occasioned by customers angry with the quality of care delivered by the defendants' veterinary services. Any injury to defendants is ultimately the product of their own actions. The interest of the public is advanced by removing

---

[1] *See, e.g., Andreiu v. Ashcroft*, 253 F.3d 477, 487 (9th Cir. 2001) ("courts have long reviewed motions for a stay under the same equitable standard as motions for a preliminary injunction"); *Michigan Coalition of Radioactive Material Users v. Griepentrog*, 945 F.2d 150, 153 (6th Cir.1991) ("under Fed. R. [App]. P. 8(a), we consider the same four factors that are traditionally considered in evaluating the granting of a preliminary injunction"); *Hodges v. Brown*, 500 F.Supp. 25 (D.C.Pa. 1980) ("[w]e must examine the same considerations to grant or deny a motion for an injunction pending appeal as we would for the issuance of a preliminary injunction").

consumer confusion.

The only new argument made by defendants is simply that the court's decision to stay the effective date of the injunction was too short: "Thirty days, now reduced to 18, is inadequate time for Defendants to effectively comply with the Order and not increase the risk of losing constituent support or of increasing consumer confusion." (Dkt. 55, at 13).

The defendants offer no justification for allowing almost half of the stay to elapse before filing a motion which merely repackages their earlier, rejected arguments. Nor have they made any factual showing that, notwithstanding their substantial marketing resources, they could not comply with the 30-day deadline by acting in a timely and effective manner to mitigate the injury to both plaintiff and the defendant. The court granted a stay of the injunction for thirty days at the hearing, deeming this under the facts of the case the *outer limit* for permissible compliance with its Order while also avoiding substantial disruption to the parties. (Dkt. 53, at 185). Defendants advanced no contemporaneous objection to this decision, and the court in its discretion finds no basis for granting the relief sought.

IT IS ACCORDINGLY ORDERED this 30th day of March, 2012, that the defendants' Motion for Stay of Execution (Dkt. 54) is hereby denied.

 s/ J. Thomas Marten  
J. THOMAS MARTEN, JUDGE