IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| HEARTLAND ANIMAL CLINIC, PA, <br><br>    *Plaintiff*, <br> v. <br><br> HEARTLAND SPCA ANIMAL MEDICAL CENTER, LLC, *et al.*, <br><br>    *Defendants*. | Civil Action <br><br> No. 11-cv-2629-JTM-KCG |

## MOTION FOR ORDER TO SHOW CAUSE

On March 16, 2012, the Court issued its order from the bench, enjoining the Defendants from using the Heartland name to market veterinary services in the Kansas City metropolitan area, but stayed that injunction 30 days until April 16, 2012, to allow compliance. On March 21, 2012, the Court filed its memorandum and order reflecting the same. On March 29, 2012, the Defendants moved the Court to further stay its injunction pending appeal. The Court denied that motion the next day, March 30, 2012. The Defendants then moved the Tenth Circuit Court of Appeals for a stay on April 4, 2012. And that motion was also denied on April 12, 2012. On April 13, 2012, Dr. Jill Sandler, the owner of Heartland Animal Clinic, PA, deposited $225,000 (borrowed from a whole life insurance policy) with the Clerk of the Court as security for the Court's injunction. Therefore, the Court's order became effective today, April 16, 2012, and Heartland Animal Clinic and Dr. Sandler are entitled to enforcement.

On April 12, 2012, Plaintiff's counsel called defense counsel and asked if he wished to coordinate on compliance with the injunction by the Defendants by April 16, 2012. Defense counsel declined despite a warning by Plaintiff's counsel that his client would insist on strict compliance absent some agreement.

661840v1

It cannot be said that the Defendants did not fully understand the nature and scope of the Court's injunction order. In their response to the Plaintiff's motion for preliminary injunction, the Defendants stated:

> In order to comply with a preliminary injunction, Defendants would need to cease operating all services of the Heartland SPCA until it could rebrand the Heartland SPCA organization and its subsidiaries. This halt in operations would cripple the organization and its volunteers. After operations were ceased, it would cost an estimated $300,000 to completely rebrand the SPCA by officially renaming the entities; creating a new website, logo, and signage; and to reproduce the television, radio, and print advertisements.

(Doc. 36 at 28.)

After the injunction was issued, the Defendants – in their motion for stay to the Tenth Circuit – stated:

> Defendants have already invested over $200,000 to promote, market, and build awareness in the existing "Heartland SPCA" mark. Denying the stay in this instance would require Defendants to discard that previous investment and make substantial efforts and expend substantial funds to change its name and identity in a short period of time, and to promote, market, and build awareness in that new name and identity, ...

(Doc. 01018823121 at 6.)

Yet the Defendants have done substantially nothing to comply with the Court's order, now in effect. The signs on the Defendants facility have not been changed. Photographs are attached as Exhibits A through C. And the Defendants' Facebook page (Exhibit D) YouTube channel (Exhibit E) and Twitter account (Exhibits F) also are unchanged.

The only thing the Defendants have done is change the title at the top of their website homepage from Heartland SPCA to HSPCA, clearly an acronym for Heartland Society for the Prevention of Cruelty to Animals. The same page along with the Defendants' other web pages still contains references to the Heartland name throughout. And

the website retains the same domain, www.heartlandspca.org.  Copies of some of the Defendants' website pages are attached as Exhibits G through I.

Heartland Animal Clinic has incurred fees alone of more than $75,000 in this case in district and appellate court.  It is not sufficient for the Defendants to act with nothing more than a wink and a nod to the Court's injunction, particularly considering the huge marketing campaign operated by the Defendants since the beginning of this case without pause, and - despite representations to the court that it would never happen - the fact that now Heartland SPCA is listed in the new phone book exclusively under the category "Veterinarians" and right under Heartland Animal Clinic.  (Exhibit J.)

Heartland Animal Clinic requests that the Defendants be sanctioned and fined $5,000 a day until they comply with the Court's preliminary injunction in this case - a relatively small amount compared to the fees incurred by Heartland Animal Clinic to date and the total amount spent by the Defendants on marketing.  Further, because the Defendants are having trouble complying, Heartland Animal Clinic also requests that the Court instruct the Defendants that, absent another plan submitted to and preapproved by the Court, the Defendants must either change their name without reference to the word Heartland (even in an acronym) or cease operation until they can comply fully with the Court's order.

The Plaintiff also requests its fees incurred in preparation of this motion.

        Seigfreid Bingham Levy Selzer & Gee, PC

        *Attorneys for the Plaintiff*

By:    /s/ Christopher M. McHugh (19889)
        cmchugh@sblsg.com
        2800 Commerce Tower
        911 Main Street
        Kansas City, Missouri 64105
        T: (816) 421-4460
        F: (816) 474-3447

## Certificate of Service

On April 16, 2012, the foregoing was filed with the Clerk using the CM/ECF system which sent notification to Jeffrey J. Simon at jeff.simon@huschblackwell.com.

By:    /s/ Christopher M. McHugh