IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

H<span>EARTLAND</span> A<span>NIMAL</span> C<span>LINIC</span>, P.A.,

  Plaintiff,

    vs.          Case No. 11-2629-JTM

H<span>EARTLAND</span> SPCA A<span>NIMAL</span> M<span>EDICAL</span>
C<span>LINIC</span>, LLC, *et al.*,

  Defendants.


MEMORANDUM AND ORDER


  This matter is before the court on the Motion for Order to Show Cause filed by plaintiff Heartland Animal Clinic (Dkt. 63), arguing that the defendants have violated the terms of the court's order enjoining them from use of the term "Heartland" to market veterinary services in the greater Kansas City area. (Dkt. 48, 53). The effect of the injunction was stayed to allow the parties to develop plans for compliance with the injunction, the order providing that the injunction would then "take full and immediate effect, without further notice, on April 16, 2012." (Dkt. 48, at 24).

  In its motion, filed at 9:41 a.m. on April 16, the plaintiff contends that the defendants have violated the terms of the injunction by failing to change physical signs on the defendants' facility, the telephone book, internet social media sites, or internally-referenced pages on their own website. (Dkt. 63, at 2-3). Further, they complain that the website itself has been simply changed "from

Heartland SPCA to HSPCA, clearly an acronym for Heartland Society for the Prevention of Cruelty to Animals." (*Id*. at 2). As a sanction, the plaintiff seeks a $5000 per day fine against the defendants, the costs of its attorney fees in preparing its motion, as well as an order directing defendants to "either change their name without reference to the word Heartland (even in an acronym) or cease operation until they can comply fully with the Court's order."

Civil contempt may be used to compensate for injuries from noncompliance with a court order. *Reliance Ins. Co. v. Mast Constr. Co.*, 159 F.3d 1311, 1318 (10th Cir.1998). Wilfulness is not an element of civil contempt. *See Universal Motor Oils Co. v. Amoco Oil Co.*, 743 F.Supp. 1484, 1487 (D.Kan.1990) (good faith not defense to civil contempt, although it may affect extent of penalty); *see also McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191, 69 S.Ct. 497, 93 L.Ed. 599 (1949) (because purpose of civil contempt is remedial, failure to comply need not be intentional). However, substantial compliance with a court's order is a defense to civil contempt. *Universal Motor Oils Co.*, 743 F.Supp. at 1487 (if violating party has taken "all reasonable steps" to comply with order, technical or inadvertent violations will not support finding of civil contempt). Generally, the court has broad discretion to use its contempt powers to ensure adherence to its orders. *See Rodriguez v. IBP, Inc.*, 243 F.3d 1221, 1231 (10th Cir.2001).

Plaintiff Heartland Animal Clinic, as the party seeking sanctions, has the burden to show that defendants disobeyed the terms of the injunction. *See United States v. Ford*, 514 F.3d 1047, 1051 (10th Cir.2008) (citing *Reliance*, 159 F.3d at 1315). If plaintiff makes such a showing, the burden shifts to defendants to show either that they did indeed comply with the order of the court, or circumstances rendered it impossible for them to do so. *Id*. at 1051.

In its discetion, the court finds that plaintiff's motion should be denied. The Response of the

defendants (Dkt. 65) demonstrates that the defendants, as a part of an ongoing rollout of corrective measures, instituted remedial actions addressing almost all of the issues raised by the plaintiff's motion. These remedial actions began or were completed on April 16, 2012. The court further finds that the remedial plan submitted by defendants in connection with their Response (Dkt. 65, at 4-12) complies with the letter and spirit of the court's order granting the preliminary injunction. In compliance with the prohibition of the term "Heartland" to market veterinary services, the defendants currently plan to use "Heartland" only in connection with its non-veterinary services, and then only provisionally until the defendants adopt a new brand. (*Id*.)

The court finds no contempt in the use of the HSPCA acronym given the breadth of the defendants' remedial actions, and the fact that plaintiff's claim has always centered on the use of the term "Heartland." The plaintiff has neither pled nor proven damages arising from the HSPCA acronym.

In their Reply on the issue, the plaintiff complains of the indirect effect of the defendants' Facebook marketing, which mentions their Animal Medical Services division under their general heading of Heartland SPCA. In particular, the Reply stresses the public statement and press release issued by the defendants "vilifying Heartland Animal Clinic" which prompted many persons to email or telephone the plaintiff to express their support for the defendants. (Dkt. 67, at 2-3).

The cited public statement provides no basis for a finding of contempt. The plaintiff was legally entitled to the relief it obtained, generating serious and substantial burdens on the defendants, and the plaintiff cannot expect the defendants to be cheerful with the result. While the Facebook pages cited by the plaintiffs in their Reply do include some cross-references to the defendants' veterinary services branch, the ordinary user will be struck not by these minor links but by the

discussions on these pages regarding the defendants' upcoming name-change, including the poll tabulating reader suggestions.

The defendants appear to have complied in good faith with the Order of the court, and the court finds that the plaintiff has offered no grounds for requiring the defendants to show cause.

IT IS ACCORDINGLY ORDERED this 24th day of April, 2012, that the plaintiff's Motion for Order (Dkt. 63) is hereby denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE